**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES USA, INC. and HUAWEI DEVICE USA, INC.**<br><br>Plaintiffs,<br><br>vs.<br><br>**RUI PEDRO OLIVEIRA**<br><br>Defendant. | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Huawei Technologies USA, Inc. and Huawei Device USA, Inc. (together "Huawei USA"), by and through their attorneys, bring this action against Defendant Rui Pedro Oliveira and in support thereof alleges as follows:

### THE PARTIES

1.   Plaintiff Huawei Technologies USA, Inc. is a corporation organized under Texas law with its headquarters at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

2.   Plaintiff Huawei Device USA, Inc. is a corporation organized under Texas law with its headquarters at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

3.   On information and belief, Defendant Rui Pedro Oliveira is an individual who is a citizen of Porto, Portugal.  Defendant Oliveira may be served with process pursuant to the Hague Convention.

### JURISDICTION AND VENUE

4.   This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* for declaratory judgment of patent non-infringement.

5.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1338(a) in that it involves substantial claims arising, under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

6.   This Court has personal jurisdiction over Defendant Oliveira because he met with Huawei USA in Plano, Texas, and sent numerous communications to Huawei USA in Plano, Texas both directly and via legal counsel, notifying Huawei of his intent to take action against Huawei USA with regard to at least U.S. Design Patent No. D792,497 and U.S. Patent 9,503,625.

7.   There is a case or controversy as to Huawei USA's liability to Defendant with respect to U.S. Design Patent No. D792,497 and U.S. Patent 9,503,625 because the facts alleged herein show that there is an actual, substantial, continuing and justiciable controversy between the parties having adverse legal interests, of sufficient magnitude and reality to warrant the issue of a declaratory judgment as to the infringement of those patents.

8.   Venue is proper in the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391(c)(2) because a substantial part of the events or omissions giving rise to the claims occurred at Huawei USA's headquarters in Plano, Texas, which are located within this district and division.  The Sherman Division of this District is additionally where numerous persons are located who (1) have unique knowledge of the Defendant's claims as a result of the 2014 meeting, and (2) to whom communications were directed by the Defendant.  Additionally, venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendant Oliveira is a citizen of Portugal, and no real property is involved in this action.

## FACTUAL ALLEGATIONS

9.   Defendant Oliveira is the inventor and owner of U.S. Patent D792,497 ("the '497 design patent") issued on July 18, 2017, which states it is "an ornamental design for an attachable smartphone camera."  The '497 design patent states that it issued from Application No. 29/487,514, filed on April 9, 2014.  *See* Exhibit 1, U.S. Design Patent No. D792,497.

10. Defendant Oliveira is also the inventor and owner of U.S. Patent 9,503,625 ("the '625 patent") issued on November 22, 2016, which states it deals with an "attachable smartphone camera".  The '625 patent states that it issued from Application No. 14/248,745, filed on April 9, 2014.  *See* Exhibit 2, U.S. Patent No. 9,503,625.

11. On or about May 28-29, 2014, Defendant Oliveira met with representatives of Huawei USA in Plano, Texas to discuss his patents and business plan and offer a license to Huawei USA.

12. Following the meeting, Huawei USA did not accept Defendant Oliveira's offer.

13. A Huawei USA corporate affiliate in China, Huawei Device Co., Ltd., designed a 360-degree camera called the EnVizion 360 Camera, which can be connected to Android smartphones.  On information and belief, the EnVizion 360 Camera was first publicly announced in September 2017.

14. Plaintiff Huawei Device USA, Inc. began selling the Huawei EnVizion 360 Camera in or about March 2018.

15. In correspondence sent to Huawei USA from on or about April 5, 2018 to June 19, 2018, Defendant Oliveira repeatedly charged Huawei USA, via correspondence sent to multiple recipients in the Eastern District of Texas, with infringement of the '497 design patent and the '625 patent based on the Huawei EnVizion 360 Camera.

16. In correspondence beginning on November 7, 2018, legal counsel representing Defendant Oliveira also asserted that the Huawei EnVizion 360 Camera infringed the '497 design patent and offered to include the '625 patent in the discussions, as well as an additional utility patent, U.S. Patent No. 9,961,243 ("the '243 patent").

17. The EnVizion 360 Camera, however, does not infringe any of Defendant Oliveira's patents, including the '497 design patent, the '625 patent, or the '243 patent.

18. On information and belief, Defendant Oliveira does not allege that the EnVizion 360 Camera infringes the '243 patent.

19. On information and belief, Defendant Oliveira does not allege that Huawei USA infringes the '243 patent.

20. Beginning on or about March 4, 2019, Internet postings began to appear with allegations by the Defendant of patent infringement and improper use of information disclosed in the 2014 meetings, including at https://fstoppers.com/originals/exclusive-inventor-claims-huawei-stole-his-camera-was-patent-pending-sells-house-345345 and https://gamer4k.com/huawei-denies-patent-theft-and-asks-to-sue-rui-pedro-oliveira/.  These postings contained additional allegations of infringement by Defendant Oliveira.

21. In communications with Huawei USA, Defendant Oliveira or his legal counsel have made representations that the press is interested in Defendant Oliveira's allegations but that "[if] this matter is resolved, he will agree not to talk about it."

### FIRST CLAIM FOR RELIEF
### (Non-Infringement of the '497 Design Patent)

22. Huawei USA realleges and incorporates by reference all prior paragraphs of this Complaint as though set forth fully herein.

23. Huawei USA seeks a declaratory judgment that Huawei USA's actions, including but not limited to selling or offering to sell the EnVizion 360 Camera, do not infringe the '497 design patent.

**SECOND CLAIM FOR RELIEF**
**(Non-Infringement of the '625 Patent)**

24. Huawei USA realleges and incorporates by reference all prior paragraphs of this Complaint as though set forth fully herein.

25. Huawei USA seeks a declaratory judgment that Huawei USA's actions, including but not limited to selling or offering to sell the EnVizion 360 Camera, do not infringe any claim of the '625 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Huawei USA respectfully prays for an order and judgment:

a.  Declaring that

    1.  Huawei USA has not infringed U.S. Design Patent No. D792,497;

    2.  Huawei USA has not infringed U.S. Patent No. 9,503,625;

b.  Finding that this case is exceptional under 35 U.S.C. §285 due to Defendant Oliveira's actions, including but not limited to express or implied threats to harm Huawei USA's reputation in the press unless Huawei USA pays money to settle the dispute; and

c.  Awarding any and all other relief, including costs and attorneys' fees, the Court deems just and proper in these circumstances.

Dated: March 26, 2019

Respectfully submitted,

Michael C. Smith
Texas Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin Street
Marshall, Texas 75671
Office: (903) 938-8900
michaelsmith@siebman.com

*Counsel for Plaintiffs*
*Huawei Technologies USA, Inc. and*
*Huawei Device USA, Inc.*