IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES USA, INC. and HUAWEI DEVICE USA, INC. | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 4:19-cv-229-ALM-KPJ |
| RUI PEDRO OLIVEIRA | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Huawei Technologies USA, Inc. and Huawei Device USA, Inc.'s (together, "Plaintiffs") Motion for Service of Process (the "Motion") (Dkt. 5). In the Motion, Plaintiffs request the Court allow service of process on Defendant Rui Pedro Oliveira ("Defendant") by mail at his business address in Portugal. *See* Dkt. 5 at 1. Plaintiffs also request permission to serve Defendant's counsel by email and Defendant by email at his business email address. *See id.*

Having reviewed the Motion, the record in this case, and the applicable law, the Motion (Dkt. 5) is hereby **GRANTED**.

## I. BACKGROUND

Plaintiffs have attempted to serve Defendant. *See* Dkt. 5 at 2. On March 28, 2019, Plaintiffs sent the Complaint to George Neuner ("Neuner"), Defendant's U.S. counsel, but Neuner responded stating he was not authorized to accept service. *See* Dkt. 5-7 at 2-3. On April 16, 2019, Plaintiffs asked Neuner if Defendant would waive service of process, but Neuner did not agree to waive service. *See* Dkt. 5-8 at 2-3. Plaintiffs then asked Neuner to provide Defendant's address,

and Neuner replied, stating, "I am not in a position to provide an address for service." *Id.* Plaintiffs state they requested the address because they had reason to believe Defendant had recently sold his house. *See* Dkt. 5 at 2 (citing a news article claiming Defendant sold his house to finance a lawsuit). Plaintiffs contend Defendant is aware of this lawsuit. *See* Dkt. 5 at 2. On May 21, 2019, Neuner sent an email at Defendant's direction which referenced both the lawsuit and "ED Texas." *See* Dkt. 5-6 at 2-3.

Plaintiffs state that Defendant can be reached through his business email, by mail at his business address, and through his attorney. *See* Dkt. 5 at 2. Defendant is the CEO of a company named "Imaginew," and Imaginew's website provides Defendant's email address and a physical address for the company. *See id.* at 2-3. Plaintiffs contend Neuner should also be able to receive process since Plaintiffs have been in communication with Neuner as recently as May 31, 2019. *See* Dkt. 5-9.

## II. ANALYSIS

Insufficient process and insufficient service of process implicate a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R. CIV. P. 4. Under Rule 4(f), an individual in a foreign country (such as Defendant) may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Plaintiffs rely on Rules 4(f)(2)(C)(ii) and 4(f)(3), and request service of process to be effectuated by "using any form of mail that the clerk addresses and sends to the individual that requires a signed receipt" and "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(2)(C)(ii), 4(f)(3). Plaintiffs contend the methods of service requested are reasonably calculated to apprise Defendant of this suit.

**1. Service by Mail at Defendant's Business Address**

Portugal is a signatory of the Hague Convention. *Hale v. Evidencia Display*, No.: SACV 15−0538, 2015 WL 4624881, at *3 (C.D. Cal. Aug. 3, 2015) ("According to the U.S. Department of State, Portugal is a party to the Hague Convention."). But the Hague Convention does not apply "where the address of the person to be served with the document is not known." *Gramercy Insurance Co. v. Kavanagh*, No. 3:10-cv-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011) (citing Hague Convention) (internal quotation omitted). Since it appears Defendant recently sold his house and Neuner was not able to provide Plaintiffs with an address, Defendant's address is not known. *See* Dkt. 5 at 3. Therefore, no internationally agreed means of service is applicable.

Portugal's law does not prohibit service by mail. *Hale*, 2015 WL 4624881, at *3 (noting Portugal appears to accept service of process by mail) (citing U.S. DEPT. OF STATE, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Portugal.html (last visited July 17, 2019)). Therefore, service under Rule 4(f)(2)(C)(ii) is proper here.

Under Article 10(a) of the Hague convention, documents−including a complaint−can be served by mail "if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). Portugal has not objected to service by mail. HAGUE CONFERENCE ON PRIVATE INT'L LAW, https://www.hcch.net/en/states/authorities/details3/?aid=244 (last visited July 17, 2019) (stating Portugal has "No opposition" to Article 10(a), which allows service by mail). Further, service by mail is authorized under Rule 4(f)(2)(C)(ii). FED. R. CIV. P. 4(f)(2)(C)(ii). Therefore, even if the Hague Convention was applicable, the clerk's service by mail would be appropriate.

Based upon the record, the Court finds Plaintiffs have acted with reasonable diligence to locate Defendant's address for registered service. Accordingly, the Clerk of the Court will serve Defendant by mail at Defendant's business address, Rui Pedro Oliveira at Rua Professor Mota Pinto, 42F – 1.10, 4100-354 Porto, Portugal, via Federal Express or UPS, using a method that requires a signed receipt. Additionally, Plaintiffs will reimburse the Court for the cost of sending the documents.

**2. Service by Email on Defendant and his Attorney**

Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). The method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

This District has approved service by email. *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012) (confirming that the plaintiff "will be provided notice of this suit via email service, and that such method will comport with constitutional notions of due process"). Defendant has provided his business email address on a publicly available website, indicating he can be reached via email. *See* Dkt. 5 at 5. Further, Portugal does not prohibit service by email. *See Popular Enters., LLC. V. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562-63 (E.D. Tenn. 2004) (granting permission under Rule 4(f) to serve a Portuguese defendant by email).

As to service on Neuner, Plaintiffs have had numerous recent communications with Neuner via email. *See* Dkts. 5-6, 5-7, 5-8, 5-9. The emails indicate Neuner is in contact with Defendant. *See* Dkt. 5-6 at 2-3. "[C]ourts routinely direct service on an international defendant's counsel under Rule 4(f)(3)." *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-cv-393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018). Service on counsel, "erases any material doubt that [Defendant] will be provided notice of this suit." *Id.* (internal quotations omitted).

In this case, Plaintiffs have shown that service at Defendant's publicly listed business email and at Neuner's email is reasonably calculated to give Defendant notice of the suit. Accordingly, Plaintiff may serve Defendant Rui Pedro Oliveira through his attorney, George Neuner, and at Defendant's business email. Plaintiffs are authorized to serve copies of the complaint, summons, patents-in-suit, along with their translations, via email to both George Neuner and to Mr. Oliveira at his business email.

## III. CONCLUSION

The Motion for Service of Process Under Rules 4(f)(2)(C)(ii) and 4(f)(3) (Dkt. 5) is hereby **GRANTED**.

Accordingly:

1. The Clerk of the Court is **DIRECTED** to send via Federal Express or UPS (using a method requiring a signed receipt) copies of the complaint, summons, patents-in-suit, along with the Portugese translations of those documents to Rui Pedro Oliveira at Rua Professor Mota Pinto, 42F – 1.10, 4100-354 Porto, Portugal.

2. The Clerk of the Court is further **DIRECTED** to provide Plaintiffs with a copy of the tracking number.

3. It is **ORDERED** that Plaintiffs may serve copies of the complaint, summons, patents-in-suit, along with their translations via email to both Defendant, at his business email, and Defendant's attorney, George Neuner.

4. It is **ORDERED** that Plaintiffs will reimburse the Clerk of the Court for the cost of sending the documents to Defendant.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an affidavit of service after service is effectuated on Defendant, asserting compliance with all relevant federal procedural requirements.

**IT IS SO ORDERED**.
SIGNED this 19th day of July, 2019.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE